United States District Court
Northern District of California

1

2

3                          UNITED STATES DISTRICT COURT

4                         NORTHERN DISTRICT OF CALIFORNIA

5

6    ALEXANDER COTE,                          **DISCOVERY ORDER**

7              Plaintiff,                       Case No.  22-cv-04056-HSG   (TSH)

8         v.
                                                Re: Dkt. No. 43
9    OFFICE OF THE CALIFORNIA STATE
     CONTROLLER, et al.,
10
              Defendants.
11

12   JENNIFER I. SYKES,                         Case No.  22-cv-04133-HSG   (TSH)

13             Plaintiff,
                                                Re: Dkt. No. 32
14        v.

15   OFFICE OF THE CALIFORNIA STATE
     CONTROLLER, et al.,
16
              Defendants.
17

18

19        Plaintiffs in these actions allege that California's Unclaimed Property Law is an

20   unconstitutional taking of property in violation of the state and federal constitutions because it

21   does not compensate claimants for the time value of money during the time it is in the State's

22   possession.  Defendants have moved to dismiss both actions under Rule 12(b)(6), contending that

23   Plaintiffs' claims are foreclosed by Ninth Circuit precedent.  Those motions remain pending.

24        After the motions to dismiss were filed, Plaintiffs served Defendants with seven requests

25   for admission and an interrogatory.  Defendants' responses are due October 19, 2022.  Defendants

26   now ask the Court to stay their obligation to respond to these discovery requests until after the

27   ruling on the pending motions to dismiss, and (if the cases survive) any subsequent case

28   management conference.  Plaintiffs oppose.

United States District Court
Northern District of California

1     The Court grants Defendants a limited stay.  The current motions are pure Rule 12(b)(6)

2   motions that challenge the complaints on their face.  No discovery is necessary to decide these

3   motions.  In fact, discovery would not even be useful for these motions because they challenge the

4   facial validity of Plaintiffs' claims.  Defendants have explained that responding to these discovery

5   requests would entail some burden, and that burden is unnecessary unless and until the complaints

6   get past a Rule 12(b)(6) motion.

7     At the hearing Plaintiffs argued that the discovery responses might provide factual

8   information that could be useful in helping Plaintiffs amend their complaints in the event that

9   Judge Gilliam dismisses the existing complaints with leave to amend.  However, Rule 26(b)(1)

10   states that "[u]nless otherwise limited by court order, the scope of discovery is as follows:  Parties

11   may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or

12   defense and proportional to the need of the case . . ."  The Court thinks that "claim or defense"

13   means a claim or defense that is alleged in the case, and that discovery is not permitted to learn

14   what additional or different claims or defenses a litigant might want to allege.  After all, Rule 26

15   imposes a relevance requirement, and it is impossible to determine what is relevant to claims or

16   defenses that even the litigants don't know about yet.

17     Accordingly, the Court orders that Defendants' obligation to respond to these discovery

18   requests is stayed until ten days after Judge Gilliam issues an order holding that either the existing

19   complaints or later amended complaints in these actions state a claim for which relief can be

20   granted.

21     For the avoidance of doubt, the Court notes that this order does not apply to *Cole-Kelly v.*

22   *Yee*, 22-cv-2841.  That case has pending motions for class certification and summary judgment –

23   motions as to which discovery might be relevant.  No one has asked the Court to stay any

24   discovery in that case.

25     **IT IS SO ORDERED.**

26   Dated: October 6, 2022

27

28
                                                   THOMAS S. HIXSON
                                                   United States Magistrate Judge